IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DANIEL VALDEZ, Individually and on
Behalf of Anthony Valdez;  BEATRICE
VALDEZ;  VALERIE VALDEZ;
VANESSA VALDEZ;  and DANIEL
VALDEZ, JR.                                                    PLAINTIFFS

v.                              No. 4:23-cv-1205-DPM

RICHARD JAMES VOLZ and
HEAVENSENT FREIGHT, LLC                          DEFENDANTS

WESTERN EXPRESS, INC. and SUNZ
INSURANCE COMPANY                                  INTERVENORS

## ORDER

Anthony Valdez, a Texas resident, died in the accident that prompted this case.  His father, Daniel Valdez, petitions the Court to appoint him the special administrator of Anthony's estate to resolve the wrongful death claims against the defendants Volz and Heavensent Freight.  Daniel says Anthony died intestate and single.  He also says no estate has been opened for Anthony.  No party has responded to the petition.  The Court regrets its delay in tending to this matter.

The Court has questions.  At this point, though, the Court holds — tentatively — that Daniel lacks standing to pursue the claims in this case. *Hubbard v. National Healthcare of Pocahontas, Inc.*, 371 Ark. 444, 447-48,

267 S.W.3d 573, 575-76 (2007). That kind of defect is jurisdictional. *Higgins Elec., Inc. v. O'Fallon Fire Prot. Dist.*, 813 F.3d 1124, 1128 (8th Cir. 2016). Unless the parties can satisfy the Court that Daniel has standing, the complaint will be dismissed without prejudice. *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971). The Court would appreciate hearing from both sides on these important issues, even though the burden ultimately is Daniel's. Here are the questions.

1.      Daniel is the only plaintiff here. He sues "individually and on behalf of" Anthony, Anthony's mother, brother, and sisters. How does Daniel have standing to pursue a wrongful death claim for the family if he's not already the personal representative of Anthony's estate? Ark. Code Ann. § 16-62-102(b).

2.      Daniel also pursues survival claims. *Doc. 6 at 10-11*. Isn't the personal representative of Anthony's estate the only one who has standing to pursue these claims? Ark. Code Ann. § 16-62-101(a)(1); *Hubbard*, 371 Ark. at 447-48, 267 S.W.3d at 575-76. And any recovery on the survival claims is not shielded from creditors. This raises a further question. Doesn't there need to be an estate opened for Anthony in his home state of Texas?

3.      This Court does not recall appointing a special administrator under Ark. Code Ann. § 28-48-103 in any other case. Given the probate exception to diversity jurisdiction, and assuming the standing problems above can be resolved without dismissal, does this federal

–2–

court have subject matter jurisdiction to appoint Daniel and then apportion the proceeds among family members, as the petition envisions? In answering this question, please consider *Hassanati v. International Lease Finance Corp.*, 51 F. Supp. 3d 887, 895-96 (C.D. Cal. 2014); *Wilber v. City of Milwaukee*, No. 23-cv-951-JPS-JPS, 2023 WL 5672610, at *1-2 (E.D. Wis. 1 September 2023); and *Anderson v. Romero*, 42 F.3d 1121, 1124-25 (7th Cir. 1994). Please also provide the Court with any additional authorities that shed light on the relevant issues here in relation to Arkansas law.

The Court would appreciate the parties' answers by 14 March 2025.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_20 February 2025_