IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DANIEL VALDEZ, Individually and on
Behalf of Anthony Valdez;  BEATRICE
VALDEZ;  VALERIE VALDEZ;
VANESSA VALDEZ;  and DANIEL
VALDEZ, JR.                                                          PLAINTIFFS

v.                              No. 4:23-cv-1205-DPM

RICHARD JAMES VOLZ and
HEAVENSENT FREIGHT, LLC                          DEFENDANTS

WESTERN EXPRESS, INC. and SUNZ
INSURANCE COMPANY                                    INTERVENORS

## ORDER

Intervenors seek clarification of the Court's recent Orders and object to dismissal of their complaint in intervention.

*First*, some preliminaries.  The Court has no firm information about any settlement of plaintiffs' wrongful death claim beyond the abandoned motion to appoint a special administrator to do so, *Doc. 43*. Suspecting that issue would return, and wanting to give the non-resident plaintiffs ample time to arrange travel for the in-person hearing the Court thought best in the circumstances, the Court set the September hearing.  Plaintiffs plead a wrongful death claim under Arkansas law, which requires the apportionment by the Court if there

is a proposed settlement. Intervenors question the Court's April 30th date for any response to the Court's last Order and possible dismissal of the complaint in intervention thereafter. There is no magic in that date. The Court simply wanted to give intervenors plenty of time to respond. The Court was unaware of the limitations issue intervenors have now identified.

*Second*, the merits. When the Court granted intervention, plaintiffs asserted a survival claim. Intervenors incorporated plaintiffs' then-pending second amended complaint "word for word" in their complaint in intervention. *Doc. 36 at 1.* Plaintiffs' claims have changed. Only a wrongful death claim rooted in Arkansas law remains. *Doc. 51 & Doc. 54.* The Court has not made a final ruling on the choice of law issues. Intervenors are welcome to stay in this case. While they could proceed a different way, that is their preference. But, the choice of law issues about intervenors' lien and the active claim, and perhaps a survival claim asserted by intervenors, need comprehensive briefing by intervenors, plaintiffs, and defendants before this Court can rule.

*Third*, the Court needs clarification on whether intervenors are asserting a survival claim against defendants based on an assignment by operation of Tennessee law. Or, are they only pressing the lien issue on the plaintiffs' remaining wrongful death claim? The Court requests an amended complaint in intervention to clarify this issue by 30 April 2025. Good cause exists for a belated amendment given the earlier

murkiness about standing on the survival claim. Intervenors must thereafter move to resolve the lien issues by 30 May 2025. Plaintiffs, and defendants, must respond by 30 June 2025. Intervenors may reply by 15 July 2025. As noted, the Court needs comprehensive briefs.

*

Motion to clarify and objection, *Doc. 56*, granted and sustained. So Ordered.

_WPMarshall Jr._
D.P. Marshall Jr.
United States District Judge

_21 April 2025_

–3–